# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT N. JONES,
Plaintiff,

Case No. 1:17-cv-173
Black, J.
Litkovitz, M.J.

vs.

LAWRENCE COUNTY
SHERIFF'S DEPARTMENT, et al.,
Defendants.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, proceeding pro se, filed the complaint in this action *in forma pauperis* on March 17, 2017. (Doc. 3). On May 9, 2017, defendants filed with the Court and served on plaintiff a motion to dismiss the complaint. (Doc. 7). On May 10, 2017, the Court issued a notice to plaintiff informing him that defendants had filed a motion to dismiss and that his failure to file a memorandum in response to the motion within 21 days of the date of service set forth in the certificate of service attached to the motion may warrant dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. (Doc. 8). Plaintiff failed to timely file a response to defendants' motion. On June 12, 2017, the Court issued an Order to plaintiff to show cause, in writing and within 15 days of the date of its Order, why the Court should not dismiss this case for lack of prosecution. (Doc. 10). To date, more than 15 days later, plaintiff has not filed a response to the Order to Show Cause.

Plaintiff's failure to file a response to defendants' motion to dismiss and to the Order to Show Cause warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have this power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the

orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-631; *Jourdan*, 951 F.2d at 109.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion for appointment of counsel (Doc. 4) is **DENIED** as moot.

## IT IS THEREFORE RECOMMENDED THAT:

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 7/3/17

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ROBERT N. JONES,
Plaintiff,

vs.

LAWRENCE COUNTY
SHERIFF'S DEPARTMENT, et al.,
Defendants.

Case No. 1:17-cv-173

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).